

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00005-CV

John **DOE**,
Appellant

v.

**ROMAN CATHOLIC ARCHDIOCESE OF SAN ANTONIO**, By and Through the Apostolic
Administrator and Archbishop Gustavo Garcia-Siller and Archbishop Emeritus Patrick Flores,
Their Predecessors and Successors, as Archbishop of the Roman Catholic Archdiocese of San
Antonio, Father Jesus Armando Dominguez, and Father Virgilio Elizondo,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI08589
Honorable Norma Gonzales, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 16, 2023

AFFIRMED

Appellant John Doe appeals the trial court's grant of appellees'[1] motion for summary

judgment based on the statute of limitations. We affirm.

---

[1] Appellees are the Roman Catholic Archdiocese of San Antonio, by and through the Apostolic Administrator and Archbishop Gustavo Garcia-Siller and Archbishop Emeritus Patrick Flores, Their Predecessors and Successors, as Archbishop of the Roman Catholic Archdiocese of San Antonio (the "Archdiocese"); Father Jesus Armando Dominguez; and Father Virgilio Elizondo.

## BACKGROUND

Doe was born on April 4, 1966 and turned eighteen on April 4, 1984. On May 22, 2015, Doe sued multiple defendants asserting claims based on alleged sexual abuse occurring between 1980 and 1983 while Doe was a minor child.

Doe alleges that appellee Father Jesus Armando Dominguez abused him between 1980 and 1983 while Dominguez was a student at a seminary in San Antonio, Texas. Doe claims the Archdiocese is vicariously liable for those alleged acts and that it acted negligently and fraudulently in its own right. Doe further alleges abuse on one occasion by appellee Father Virgilio Elizondo in 1983. Doe claims the Archdiocese is vicariously liable for Elizondo's alleged act. Appellees assert Doe's claims are barred by limitations; they moved on limitations on hybrid traditional and no-evidence summary judgment grounds. On December 22, 2021, the trial court granted appellees' motions and entered a final judgment in favor of appellees. This appeal follows.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). If the movant establishes the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

If a plaintiff claims limitations is tolled due to the plaintiff's unsound mind, as here, the defendant urging limitations is free to file a hybrid motion for summary judgment that asserts a no-evidence ground as to that element, thus requiring the plaintiff to come forward with evidence raising a genuine issue of material fact. *Draughon v. Johnson*, 631 S.W.3d 81, 96 (Tex. 2021). To establish an entitlement to tolling of limitations based on unsound mind, a plaintiff must either (1) produce specific evidence that shows he did not have the mental capacity to pursue his suit or (2) submit a fact-based expert opinion to this effect. *Rollins v. Pressler*, 623 S.W.3d 918, 925 (Tex. App.—Houston [1st Dist.] 2021, pet. denied).

## UNSOUND MIND TOLLING

On appeal, Doe does not contest that appellees met their summary judgment burden to conclusively establish their limitations defense; instead, Doe asserts in his second issue that limitations was tolled because he was of unsound mind from the time he became an adult in 1984 until the time he filed suit in 2015.[2]

### *Applicable Law*

Under the unsound mind tolling doctrine, if a person entitled to bring a personal action is of unsound mind when the cause of action accrues, the time of the disability is not included in a limitations period. TEX. CIV. PRAC. & REM. CODE § 16.001(a)(2), (b). In general, unsound mind means insane or mentally incompetent. *Rollins*, 623 S.W.3d at 925. But tolling of limitations based on the plaintiff's unsound mind is not restricted to those who have been adjudged insane or mentally incompetent. *Id.* The touchstone for determining unsound mind is whether the plaintiff lacked the ability to pursue or participate in the suit. *Id.* at 932. Thus, in assessing a plaintiff's

---

[2] Doe's first issue addresses the underlying merits of the dispute. But because the trial court disposed of the case purely on limitations grounds, the merits are not properly before us, and we consequently overrule Doe's first issue.

mental capacity, courts should consider, for example, the degree to which the plaintiff was capable of giving information and testifying. *Id.* at 925.

*Analysis*

Doe contends he was continuously of unsound mind for the thirty years between the age he reached majority until he filed suit in 2015.[3] In response, appellees assert they conclusively negated the applicability of unsound-mind tolling.

Appellees' summary judgment evidence conclusively established Doe was adjudicated mentally competent in criminal court in 1996, 1999, 2003, 2004, and 2005. For example, when Doe pled guilty to a third-degree felony, he executed an affidavit in criminal court acknowledging that he was "mentally competent now and was legally sane at the time th[e] offense was committed" in July 2004. Doe's attorney in that proceeding stated he had counseled Doe, concluded Doe was rational, and factually understood the charges and the proceeding, and the judge determined Doe was mentally competent.

Although the adjudication of mental competence in a criminal proceeding is not *identical* to a determination of a sound mind, if anything, the safeguards required to adjudicate a person guilty of a criminal offense are necessarily *higher* than a determination that a person has the ability to participate in a civil lawsuit. *See Rollins*, 623 S.W.3d at 931 ("[T]he standard for unsound-mind tolling is somewhat akin to the test for a person's competency to stand trial in the criminal context, albeit with a focus on the person's mental competency in the past rather than the present."). We conclude Appellees' evidence regarding Doe's 2005 adjudication of mental competency conclusively negates Doe was of unsound mind at least as of 2005. Especially coupled with detailed evidence from four other proceedings adjudging Doe's competence, appellees established,

---

[3] It is not clear when Doe asserts he became of sound mind—a prerequisite to filing suit in 2015. Logically, however, Doe's suit would require he was of sound mind before suit was filed but within the limitations period.

at a minimum, that Doe would have had to file suit between 2007 and 2010 to avoid a limitations bar.[4]

Appellees adduced additional evidence tending to demonstrate Doe did not lack the ability to pursue or participate in a lawsuit and was capable of conveying information about the allegations, including:

- Doe engaged in auto-restoration work in the 1990s.

- Doe applied for and received food stamps.

- Doe was married, divorced, and paid child support after his divorce.

- Doe reported the alleged abuse to: (1) two women working at his orphanage within two years after it began; (2) his aunt and uncle when he left the orphanage at seventeen to live with them; (3) Archbishop Patrick Flores after he left the orphanage; (4) Father Virgil in 1983; (5) his doctors in the 1990s; (6) his treating physicians after attempting suicide at the age of 19; and (7) his grandmother, a devout Catholic.

- Doe testified the reason he did not sue earlier was because he sought to avoid upsetting his grandmother, who had told him to "leave it to God."

Appellees also moved on no-evidence grounds, placing the burden on Doe to create a fact issue to avoid summary judgment. *See Draughon*, 631 S.W.3d at 96. Therefore, to avoid both traditional and no-evidence summary judgment, Doe must either (1) produce specific evidence that shows he did not have the mental capacity to pursue his suit or (2) submit a fact-based expert opinion to this effect. *Rollins*, 623 S.W.3d at 925.

Doe asserts the expert opinion and testimony of Dr. Michael Arrambula creates a fact issue sufficient to avoid summary judgment. However, the trial court struck and excluded Dr.

---

[4] Doe's negligence, premises liability, intentional infliction of emotional distress, and gross negligence claims are subject to a two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Doe's fraud and breach of fiduciary duty claims are subject to a four-year limitations period. *See id.* § 16.004(a)(4)–(5). Doe's claim for violations of the penal code was subject to a five-year limitations period at the time he filed suit. *See id.* § 16.0045(a)(3) (effective Sept. 1, 2011 through Aug. 31, 2015).

Arambula's opinion that Doe was of unsound mind. Doe's opening brief did not address the trial court's exclusion, and therefore Doe has waived any complaint about its exclusion on appeal. *See Black v. Watts*, No. 04-17-00489-CV, 2018 WL 3747746, at *6 (Tex. App.—San Antonio Aug. 8, 2018, pet. denied) (mem. op.) ("Black cites no legal support or analysis for this argument. We hold that Black has failed to adequately brief this issue and thus has waived his complaint on appeal."); *see also Ramos v. Sterling Drug, Inc.*, No. 04-98-01009-CV, 1999 WL 1261527, at *1 (Tex. App.—San Antonio Dec. 29, 1999, no pet.) (mem. op.) ("Because Ramos failed to address the trial court's adverse ruling [striking expert testimony], we cannot consider the testimony and no error is preserved for appellate review."); *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.) ("A reply brief may not be used to raise new issues.").

Consequently, Doe did not present any evidence establishing he was of unsound mind in order to toll the applicable statutes of limitations. *See Ramirez v. Mansour*, No. 04-06-00536-CV, 2007 WL 2187103, at *6 (Tex. App.—San Antonio Aug. 1, 2007, no pet.) (mem. op.). Therefore, Doe failed to carry his burden to raise a genuine issue of material fact on unsound mind. *Id.* We overrule Doe's second issue.

**ESTOPPEL AND FRAUDULENT CONCEALMENT**

In his third issue, Doe asserts appellees are estopped from asserting limitations or that limitations did not run under the doctrine of fraudulent concealment.

### *Estoppel*

A defendant may be estopped from raising a limitations defense, which would otherwise be available to him, when the defendant has induced the plaintiff not to file suit within the limitations period. *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.). On this point, Doe's argument, in full, is as follows: "the Archdiocese made false representations and concealed material facts, all while possessing both actual and constructive

knowledge of the allegations against Appellees. Through their silence, indifference, and even further abuse, the Archdiocese concealed the means of knowledge and/or the real facts of which Appellant would have been able to find relief. As a result, Appellant relied on the actions (or lack thereof) by the Archdiocese to his detriment."

Doe (1) fails to cite to the record or describe any evidence in support of these bare allegations; (2) fails to provide any legal argument relating the facts to theory; and (3) failed to provide such argument and evidence in the trial court. We hold Doe's estoppel arguments are waived. TEX. R. CIV. P. 166a(i); TEX. R. APP. P. 38.1(i).

### *Fraudulent Concealment*

Fraudulent concealment can preclude a defendant from asserting a limitations defense. *S.V. v. R.V.*, 933 S.W.2d 1, 5–6 (Tex. 1996). However, fraudulent concealment does not toll limitations when the plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence. *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). Here, Doe concedes that he knew of the alleged abuse and reported it to multiple individuals (recited above) both before and after limitations began to run on his eighteenth birthday. Doe's concession conclusively negates fraudulent concealment as a basis to avoid limitations.

We overrule Doe's third issue.

### CONCLUSION

Having overruled Doe's issues, we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice